ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHEROKEE | SEVENTH JUDICIAL CIRCUIT |
| Kelsey Benson, | |
| Plaintiff, | C.A. NO. 2022-CP-11-_____ |
| v. | **SUMMONS** |
| Gabriel Alexander Faria Sr., Celia Denise Washington, and Paschall Truck Lines, Inc., | |
| Defendants. | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at this office at Post Office Box 35, Anderson, South Carolina, 29622, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the said relief demanded in the Complaint.

TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):

You are further summoned and notified to apply for the appointment of a Guardian <u>ad Litem</u> to represent you in this action within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

TO INFANT(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO, (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):

You are further summoned and notified to apply for the appointment of a Guardian <u>ad Litem</u> to represent said infant(s) under fourteen years of age (said incompetent or insane person) within thirty (30) days after the service of this Summons

and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

(signature page follows)

1

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

                                                s/Mary Catherine Harbin
                                                Mary Catherine Harbin, SC Bar #104146
                                                **HARBIN & BURNETT, LLP**
                                                Post Office Box 35
                                                Anderson, SC  29622
                                                (864) 964-0333
Anderson, South Carolina             (864) 964-0930 Facsimile
September 19, 2022                      *Attorney for the Plaintiff*

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHEROKEE | SEVENTH JUDICIAL CIRCUIT |
| Kelsey Benson, | |
|           Plaintiff, | C.A. NO. 2022-CP-11-_____ |
| v. | **COMPLAINT** |
| Gabriel Alexander Faria Sr., Celia Denise Washington, and Paschall Truck Lines, Inc., | *(Jury Trial Demanded)* |
|           Defendants. | |

The Plaintiff, complaining of the Defendants herein, would respectfully show and allege unto the Court as follows:

1. The Plaintiff Kelsey Benson (hereinafter "Plaintiff"), is a citizen and resident of the County of Hall, State of Georgia.

2. Upon information and belief, the Defendant, Gabriel Alexander Faria Sr., (hereafter "Defendant Faria"), is a citizen and resident of the County of Iredell, State of North Carolina.

3. Upon information and belief, the Defendant, Celia Denise Washington, (hereafter "Defendant Washington"), is a citizen and resident of the County of Wake, State of North Carolina. Upon further information and belief, at the time of the incidents giving rise to the Plaintiff's Complaint, Defendant Washington was acting as an agent, servant, or employee for Paschall Truck Lines, Inc. Upon further information and belief, at the time of the incidents giving rise to the Plaintiff's Complaint, Defendant Washington was acting within the scope of her capacity as an employee, agent, servant, or contractor of Defendant Paschall Truck Lines, Inc.

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

4. The Defendant Paschall Truck Lines, Inc. (hereafter "Defendant Paschall"), is a corporation organized and existing under the laws of the State of Kentucky. Upon information and belief, at the time of the events giving rise to this Complaint Defendant Paschall was operating in the State of South Carolina at the time of the wreck.

5. At the time of the incidents giving rise to the Plaintiff's Complaint, Defendant Paschall acted by and through its agents, servants, contractors, and employees for the purpose of carrying on its business as a trucking company and therefore, it is liable for the negligent acts of its agents, contractors, and employees, including Defendant Washington, under the theories of non-delegable duty and *Respondeat Superior*.

6. The incident, that is the subject matter of this action, occurred on Interstate 85, in Cherokee County, State of South Carolina.

7. Accordingly, all parties, matters and things contained herein are within the jurisdiction of the Court and venue is proper in Cherokee County.

8. This action is brought for damages and other appropriate relief pursuant to the statutory and common law of the State of South Carolina.

9. Venue is appropriate in this judicial circuit pursuant to South Carolina Code Ann. § 15-7-30.

## FACTS

10. The Plaintiff realleges and incorporates herein all the relevant and consistent allegations in the foregoing Paragraphs as if repeated herein.

11. On or about August 29, 2020, at 1:00 p.m., the Plaintiff was the passenger in a 2015 Dodge vehicle heading Southbound on I-85 in Cherokee County.

4

12.     On the same day and at the same time, Defendant Faria was operating a 2019 GMC vehicle and also traveling Southbound on I-85 in the far-right lane.

13.     On the same day and at the same time, Defendant Washington was operating a 2020 freight vehicle and also traveling Southbound on I-85 in the middle lane.

14.     Upon information and belief, Defendant Paschall owns and had entrusted the 2020 freight vehicle to Defendant Washington.

15.     Upon information and belief, Defendant Faria made an improper lane change and struck Defendant Washington on the right passenger side.

16.     Upon information and belief, Defendant Washington then collided with the vehicle's passenger side, in which the Plaintiff was a passenger. The collision between the Defendant Washington and the Plaintiff happened in the far-left lane.

17.     The vehicle in which the Plaintiff was a passenger, was launched over the concrete median and on to the Northbound side of I-85 into oncoming traffic.

18.     As a direct and proximate result of the Defendants' negligence, gross negligence, recklessness, willful and wanton acts and/or omissions and the collision, the Plaintiff, suffered various injuries throughout her body in which she sustained and continues to sustain numerous damages

19.     The Plaintiff has endured and continues to endure painful injuries to her body as well as other injuries and damage as a direct and proximate result of the Defendants' negligence, gross negligence, reckless, willful, and wanton acts and/or omissions .

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

5

## FIRST CAUSE OF ACTION
## (NEGLIGENCE AS TO AS TO ALL DEFENDANTS)

20. The Plaintiff realleges and incorporates herein all the relevant and consistent allegations in the foregoing Paragraphs as if repeated herein.

21. The Defendants owed a duty to others on the roadway, including the Plaintiff to act reasonably and use due care, to operate their motor vehicle in a proper and safe manner and to obey all applicable traffic laws when operating motor vehicles at or around the time of the actions complained of herein.

22. The aforesaid collision and the resulting injuries to the Plaintiff, were the direct and proximate result of, were due to and occasioned by, the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants in the following particulars, to wit:

   a. In driving their motor vehicle too fast for conditions;
   b. In failing to reduce speed;
   c. In making a lane change without first determining if it was safe to do so;
   d. In not being mentally and physically alert to impending dangers;
   e. In failing to maintain proper control of their motor vehicle;
   f. In failing to devote their full attention to the highway they were traveling on and to the operation of said motor vehicles, when they knew, or should have known, that a failure to do so would result in damage to others upon said roadway, and more particularly to Plaintiff;
   g. In failing to bring the motor vehicles to a stop when it was apparent that failing to do so would result in a collision;
   h. In failing to maintain a proper lookout;
   i. In failing to make a proper lane change;
   j. In failing to ensure and inspect that the brakes were working properly, and if properly working, in failing to utilize same to avoid the collision;
   k. In operating said motor vehicles in a highly improper manner in the view of the circumstances then and there existing;
   l. In failing to swerve, or change the course of said motor vehicle, when it was apparent, or should have been apparent by the exercise of due care, that a catastrophe was inevitable;

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

m. In failing to inspect and familiarize themselves with said motor vehicles to ensure that they could operate them in a safe and reasonable manner;
n. In failing to ensure that the motor vehicles were properly maintained in a manner to allow the safe operation thereof; and, if so maintained in failing to operate the motor vehicles in a prudent manner;
o. In failing to exercise the reasonable degree of care which a reasonable and prudent person would exercise under the same or similar circumstances;
p. In driving said motor vehicles in violation of the statutes, laws and regulations of the State of South Carolina; and
q. By committing such other negligent, grossly negligent, reckless, willful and wanton acts and/or omissions which will be proven at trial.

23. All of the above acts and omissions are negligent, grossly negligent, reckless, willful and wanton, and in direct violation of the statutory and common laws of the State of South Carolina and the Rules and Regulations promulgated by the South Carolina Department of Highways and Public Transportation.

24. By committing all of the above negligent, grossly negligent, reckless, willful and wanton acts and omissions, the Defendants did breach their duties owed to the Plaintiff.

25. As a direct and proximate result of the above described negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendants, as described herein, the Plaintiff, suffered severe injuries to her body and other damages.

26. As a direct and proximate result of the above described negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendants as described herein, the Plaintiff, is entitled to recover actual and compensatory damages from the Defendants in an amount to be proven at trial.

27. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendants, as described herein, the Plaintiff, is entitled to recover punitive and exemplary damages from the Defendants in

7

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## (GROSS NEGLIGENCE AS TO ALL DEFENDANTS)

28. The Plaintiff realleges and incorporates herein all the relevant and consistent allegations in the foregoing Paragraphs as if repeated herein.

29. The acts and omissions of the Defendants, including but not limited to those outlined in the foregoing Paragraphs, amount to gross negligence, recklessness, and a willful and wanton disregard for the safety and well-being of the Plaintiff.

30. The Defendants breached duties owed to the Plaintiff, by committing said grossly negligent, reckless, willful and wanton acts and or omissions.

31. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and/or omissions of the Defendants as described herein, the Plaintiff, suffered severe injuries to her body and other damages.

32. As a direct and proximate result of the above described negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendants, as described herein, the Plaintiff, is entitled to recover actual and compensatory damages from the Defendants in an amount to be proven at trial.

33. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendants, as described herein, the Plaintiff, is entitled to recover punitive and exemplary damages from the Defendants in an amount as to be proven at trial.

## THIRD CAUSE OF ACTION
## (NEGLIGENCE *PER SE* AS TO ALL DEFENDANTS)

34. The Plaintiff realleges and incorporates herein all the relevant and

consistent allegations in the foregoing Paragraphs as if repeated herein.

35. All of the acts and/or omissions committed by the Defendants, as outlined in the foregoing Paragraphs, was in direct violation of the statutory and common laws of the State of South Carolina and the Rules and Regulations promulgated by the South Carolina Department of Highways and Public Transportation and by the United States.

36. These aforementioned laws, rules and regulations are designed to prevent injury to a class of persons to which the Plaintiff, belongs.

37. The Defendants breached the duty owed to the Plaintiff, when they negligently, grossly negligently, recklessly, willfully and wantonly violated the aforementioned laws, rules and regulations by committing the acts and omissions outlined in the foregoing Paragraphs.

38. Therefore, the Defendants are liable for negligence *per se*.

39. The violations committed by the Defendants as outlined herein, was the direct and proximate cause of the Plaintiff's severe injuries and other damages.

**FOURTH CAUSE OF ACTION**
**(NEGLIGENT ENTRUSTMENT AS TO DEFENDANT PASCHALL)**

40. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

41. Defendant Paschall had a duty to act reasonably and use due care when entrusting their vehicle to Defendant Washington, at or around the time of the actions complained of herein. By committing the acts and/or omissions complained of herein, Defendant Paschall breached those duties owed to other motorists on the roadway, specifically Plaintiff, and Plaintiff was injured and damaged as a proximate result thereof. The aforesaid collision and the resulting injuries were the direct and proximate result of,

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

were due to and occasioned by, the negligence, gross negligence, recklessness, willfulness, and wantonness of the Defendant Paschall, in the following particulars, to wit:

a. In entrusting their vehicle, a dangerous instrumentality, to a driver they knew or should have known was physically and mentally unfit to operate the motor vehicle;

b. In entrusting their vehicle to a driver, they knew or should have known was not a competent and safe driver;

c. In entrusting their vehicle to a driver, they knew or should have known operated her vehicle in a reckless manner;

d. In failing to ascertain whether Defendant Washington was physically and mentally capable of operating a motor vehicle;

e. In failing to ensure that the vehicle was properly maintained in a manner to allow the safe operation thereof;

f. In failing to ensure and inspect that the brakes of their vehicle were working properly;

g. In failing to properly demonstrate and instruct Defendant Washington, in the proper operation of said vehicle; and

h. By committing such other negligent, grossly negligent, reckless, willful and wanton acts and omissions which will be proven at trial.

42. By committing the above described acts and/or omissions, Defendant Paschall did breach their duty to motorists on the roadway, specifically to Plaintiff, by negligently, grossly negligently, recklessly, willfully and wantonly entrusting their vehicle to Defendant Washington, and in permitting her to operate the same, when they knew, or should have known, that Defendant Washington, was not a safe, competent, and qualified

driver.

43. The acts and/or omissions of Defendant Paschall, as described above were negligent, grossly negligent, willful, wanton and reckless.

44. As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendant Paschall, as described herein, Plaintiff suffered numerous, painful, severe and grievous injuries and other damages.

## **DAMAGES**
## **(AS TO ALL DEFENDANTS)**

45. The Plaintiff realleges and incorporates herein all the relevant and consistent allegations in the foregoing Paragraphs as if repeated herein.

46. As a direct and proximate result of the negligent, grossly negligent, negligent *per* se, reckless, willful and wanton, acts and omissions of the Defendants as described herein, the Plaintiff, suffered painful injuries and other damages.

47. As a direct and proximate result of the negligent, grossly negligent, negligent *per* se, reckless, willful and wanton acts and omissions of the Defendants as described herein, the Plaintiff, has incurred the following:

   a. Bodily injuries;
   b. Past and present physical pain and suffering;
   c. Past and present mental and emotional stress;
   d. Past and present medical and hospital expenses;
   e. Prescriptions and medicines made necessary due to injuries;
   f. Loss of enjoyment of life;
   g. Loss of quality of life;
   h. Disablement from usual and customary activities;
   i. Lost wages;
   j. Pecuniary loss;
   k. Future medical expenses and medical care which are reasonably certain to occur;
   l. Future prescriptions and medicines made necessary due to injuries which are

11

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

       reasonably certain to occur;
m. Future physical pain and suffering which is reasonably certain to occur;
n. Future mental and emotional stress which is reasonably certain to occur;
o. Future loss of enjoyment of life which is reasonably certain to occur;
p. Future loss of quality of life which is reasonably certain to occur;
q. Future disablement from usual and customary activities;
r. Future pecuniary loss which is reasonably certain to occur;
s. Such other injuries and damages as will be shown at trial; and
t. Punitive damages.

48.  As a direct and proximate result of the negligent, grossly negligent, negligent *per* se, reckless, willful and wanton acts and omissions of the Defendants as described herein, the Plaintiff, is entitled to recover actual, compensatory, punitive and exemplary damages from the Defendants in an amount as to be determined at a trial of this matter.

**WHEREFORE,** the Plaintiff demands a trial by jury pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure (SCRCP), and the Plaintiff prays for judgment against the Defendants actual and compensatory and punitive and exemplary damages in an amount to be determined by the jury which the Plaintiff, alleges to be in ***excess*** of One Hundred Thousand Dollars ($100,000.00) actual, compensatory, punitive and exemplary damages, such allegation being made for the purpose set forth in Rule 30(h) of the SCRCP, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

[Signature page to follow.]

ELECTRONICALLY FILED - 2022 Sep 19 3:42 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100598

                                      Respectfully Submitted,

                                      s/Mary Catherine Harbin
                                      Mary Catherine Harbin, SC Bar #104146
                                      **HARBIN & BURNETT, LLP**
                                      Post Office Box 35
                                      Anderson, SC  29622
                                      (864) 964-0333
Anderson, South Carolina             (864) 964-0930 Facsimile
September 19, 2022                    *Attorney for the Plaintiff*

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70211970000007612557

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 11:18 am on October 22, 2022 in MURRAY, KY 42071.

## Delivered

**Delivered, Front Desk/Reception/Mail Room**

MURRAY, KY 42071
October 22, 2022, 11:18 am

See All Tracking History

Feedback

Text & Email Updates                                   ⌄

USPS Tracking Plus®                                    ⌄

Product Information                                    ⌄

See Less ⌃

**Track Another Package**

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

Feedback



# S. C. DEPARTMENT OF
## MOTOR VEHICLES
OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax: 896-9901*

October 4, 2022

Mary Catherine Harbin, Esquire
P.O. Box 35
Anderson, SC 29622

Re:  ***Kelsey Benson v. Gabriel Alexander Faria, Sr., Celia Denise Washington and Paschall Truck Lines, Inc.***
***Case No 2022-CP-11-00598, DMV 22-396***

To whom it may Concern:

Enclosed is the return receipt card regarding the above-referenced matter. This card indicates service was made on Defendant Celia Denise Washington. The signed card was received in this office on October 3, 2022.

If you have any questions, please contact me at natasha.thomas@scdmv.net.

Sincerely,

Natasha D. Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

